Case 2:17-cr-00774   Document 48   Filed on 06/01/20 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
June 02, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:17-774 |
| | § | CIVIL NO. 2:20-3 |
| ISAAC DWAYNE CALDWELL, | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION & ORDER

Now pending is Defendant/Movant Isaac Dwayne Caldwell's construed letter motion to reconsider the Court's May 4, 2020 Memorandum Opinion & Order and Final Judgment denying his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 47.

## I. BAGKROUND

On January 6, 2020, the Court received Movant's § 2255 motion, which raised a single claim: His four-level sentencing enhancement under U.S.S.G. § 2K2.1(b)(6)(B) because he gave an undercover ATF agent a gun as a down payment for drugs was misapplied "because there was no drugs. There was clear error because [the] gun alone cannot be tied to a drug trafficking offense, when there is no drugs." D.E. 38, p. 2. Pursuant to the Court's January 8, 2020, briefing order, the Government had 60 days to respond to the motion, and Movant had an additional 30 days to reply. D.E. 39. The Government filed a Motion for Judgment on the Record on March 6, 2020, arguing that Movant's claim was foreclosed by the Fifth Circuit's decision denying his direct appeal. D.E. 44 (citing *United States v. Caldwell*, 770 F. App'x 175 (5th Cir. 2019)).[1] Nearly two months

---

[1] The Fifth Circuit held:

> Caldwell gave the ATF agent a gun as a down payment for drugs. Thus, "the firearm . . . facilitated, or had the potential of facilitating, another felony offense or another offense, respectively," namely, attempted drug trafficking. U.S.S.G. § 2K2.1 cmt. n. 14(A). The district court did not clearly err in finding that the gun facilitated Caldwell's attempted trafficking offense.

1

passed, and Movant did not respond. On May 4, 2020, the Court denied his § 2255 motion because: (1) misapplications of the Sentencing Guidelines are not cognizable in § 2255 motions, and (2) because Movant's claim was previously raised and denied on direct appeal, he could not relitigate it in a § 2255 motion. D.E. 45, pp. 3–4.

Movant now complains that the Court prematurely denied his § 2255 motion before he could respond. He states that FCI Three Rivers, where he is currently incarcerated, "happen[ed] to be on lockdown since Jan to Feb for a riot then two weeks after that we got lockdown for the (Covid 19)." D.E. 47, p. 1. According to Movant, there was "no way I could respond[] without access to the law library. . . . I got denied for being lock[ed] down for (COVID 19)." *Id.*

## II. FED. R. CIV. P. 60(b)

The Federal Rules of Civil Procedure are applicable to federal habeas practice "only to the extent that they are not inconsistent with any statutory provisions or these rules." Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts. Because the § 2255 Rules limit prisoners to a single § 2255 proceeding, a defendant bringing a Rule 60(b) motion may run afoul of the prohibition on second or successive habeas motions. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). It is only when a Rule 60 motion attacks "some defect in the integrity of the federal habeas proceedings," that it does not raise a second or successive claim. *Id.* A Rule 60(b) motion that seeks to advance one or more substantive claims after denial of a habeas petition is properly classified as a second or successive petition requiring authorization from the Court of Appeals before filing. *Id.* at 531; *see also United States v. Hill*, 202 Fed. App'x 712, 713 (5th Cir. Oct. 13, 2006) (designated unpublished); *Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir. 1999).

---

*Caldwell*, 770 F. App'x at 177.

**II. ANALYSIS**

Because Movant appears to attack the integrity of the habeas proceeding, his motion is not successive. However, is nonetheless without merit. Even if prison law libraries are closed due the current COVID-19 pandemic, prison mail systems are not. The Bureau of Prisons' COVID-19 Modified Operations Plan[2] has not prevented inmates from filing motions and responses in other cases, just as nothing prevented Movant from filing his current motion asking the Court for reconsideration. If Movant needed access to the prison law library in order to respond to the Government's motion, he should have filed a motion for extension of time before his deadline to respond, not after the Court entered a final judgment denying his § 2255 motion.

**III. CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims that the district court rejects

---

2. *See* https://www.bop.gov/coronavirus/covid19_status.jsp.

solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that Movant cannot establish at least one of the *Slack* criteria. Specifically, jurists of reason would not find this Court's procedural rulings debatable. Accordingly, Movant is not entitled to a COA as to his claims

**IV. CONCLUSION**

For the foregoing reasons, Movant's construed letter motion to reconsider (D.E. 47) is **DENIED**, and he is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 1st day of June, 2020.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE